**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

RIGOBERTO M. VINDIOLA,
   Appellant,

  v.

DEPARTMENT OF STATE,
   Agency.

DOCKET NUMBER
SF-4324-19-0537-I-1

DATE: October 24, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Tyler Buck and D.N. Brady, Esquire, San Diego, California,
 for the appellant.

Anna Katherine Drake, Camille V'Estres, and Marianne Perciaccante,
 Washington, D.C., for the agency.

Gerard E. Riddick, Clarksburg, Maryland, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member
Chairman Harris issues a separate dissenting opinion.

**FINAL ORDER**

  The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his Uniformed Services Employment and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

On review, the appellant asserts that his coworker's "false and defamatory" statements against him—namely, that he committed war crimes in Vietnam—were made only because his coworker knew of his military service. Petition for Review (PFR) File, Tab 1 at 7-8. He asserts that, because he was falsely accused of being a "war criminal," the agency initiated an "inquiry," and he was constructively terminated. *Id*. at 8. In addition, the appellant provides a number of documents on review, including copies of the various initial decisions, his declaration, a May 24, 2019 letter from the Department of Labor, and correspondence from various agencies. *Id*. at 10-86. These documents are not new evidence because they are included in the record below. Initial Appeal File (IAF), Tab 5; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980).

Moreover, a different outcome is not warranted. We agree with the administrative judge's finding that the appellant failed to make a nonfrivolous

allegation that any agency denial was due to his uniformed service. The evaluation worksheet reflects that the agency terminated his candidacy for the Visa Specialist position in 2003 because of several acts of misconduct, including selling green cards and visas, making slanderous statements about other employees, making statements about his battlefield service that were disruptive to the work place, and asking another employee to obtain cocaine and marijuana for him. IAF, Tab 1 at 10. Even if we focus on the portion of this worksheet that referenced his service, i.e., that the appellant "made statements about his alleged battlefield service in Vietnam that were disruptive to the workplace, because of the alleged criminal nature of his actions," *id.*, such statements do not constitute a nonfrivolous allegation of discrimination based on his uniformed service. Significantly, the documentation reflects that it was the "disruptive" impact of the appellant's statements on the work place, and not his uniformed service, that was the basis for the termination of his candidacy.[2] For the reasons stated herein and in the initial decision, the appellant has not made a nonfrivolous allegation of jurisdiction under 38 U.S.C. § 4311(a), and *Lubert v. U.S. Postal Service*,

---

[2] Even if we considered the appellant's assertion that the statements in question involved war crimes, USERRA does not prohibit an employer from considering events which occur during a period of service but do not constitute performance of military duty, or from taking action against an employee for gratuitous misconduct in the course of performing military duties. *McMillan v. Department of Justice*, 120 M.S.P.R. 1, ¶ 17 (2013).

110 M.S.P.R. 430, ¶ 11 (2009).[3]  He is therefore not entitled to a hearing.[4]  *Downs v. Department of Veterans Affairs*, 110 M.S.P.R. 139, ¶ 18 (2008).

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions

---

[3] The Board Chairman has filed a dissent to this Final Order, finding that the appellant's conclusory assertion constitutes a nonfrivolous allegation under USERRA.  While we certainly support the fulsome use of USERRA rights, we believe the standard articulated by the Chairman would result in a jurisdictional bar that does not distinguish between allegations relating to an appellant's service obligations and those relating to his descriptions of his service conduct.  USERRA protects the former, not the latter.

[4] Because the appellant resigned on April 19, 2003, the agency subsequently terminated his candidacy on suitability grounds on May 30, 2003, and the Board has already determined that it did not have jurisdiction over the appellant's 2003 involuntary resignation appeal, there is a question as to whether the agency denied him initial employment, reemployment, retention, promotion, or any benefit of employment under 38 U.S.C. § 4311(a) *after* he resigned.  We need not resolve this issue in light of our decision to affirm the administrative judge's decision to dismiss the appeal for lack of jurisdiction.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be underlined received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:        _____
                      Gina K. Grippando
                      Clerk of the Board
Washington, D.C.

As applicable here, to establish jurisdiction over a Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA) appeal, an appellant must make nonfrivolous allegations that: (1) he performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied him employment or any benefit of employment; and (3) the denial was due to the performance of duty or obligation to perform duty in the uniformed service. *Lubert v. U.S. Postal Service*, 110 M.S.P.R. 430, ¶ 11 (2009).

In this case, the administrative judge dismissed the appeal for lack of jurisdiction. Initial Appeal File (IAF), Tab 14, Initial Decision (ID). He found that the appellant made a nonfrivolous allegation that he performed duty in the uniformed service and was denied employment or a benefit of employment, but failed to make a nonfrivolous allegation that any denial was due to his uniformed service. ID at 11.

I would find that the appellant established jurisdiction over his appeal and remand it for adjudication of the merits, including the appellant's requested hearing. IAF, Tab 1 at 3. The appellant alleged that his uniformed service was a substantial or motivating factor in his loss of employment or a benefit of employment because his coworker's allegation that he had committed war crimes

in Vietnam formed the basis of the agency's negative suitability determination and eventually led to the appellant's resignation.[1]  IAF, Tab 5 at 6-7.

I agree with the administrative judge that the appellant's allegation of uniformed service discrimination is not particularly strong on its face, but this is not a sufficient basis to dismiss a USERRA appeal for lack of jurisdiction.  The relative weakness of an appellant's factual allegations is not a basis for dismissing his USERRA appeal for lack of jurisdiction; rather, if he fails to develop those allegations, his claim should be denied on the merits.  *Beck v. Department of the Navy*, 120 M.S.P.R. 504, ¶ 8 (2014).  The Board has found that even a conclusory allegation of uniformed service discrimination is sufficient for jurisdictional purposes.  *Wilson v. Department of the Army*, 111 M.S.P.R. 54, ¶ 10 (2009) (holding that the appellant's assertion that the agency terminated him because it "didn't like the fact" of his service in the Army National Guard was sufficient to constitute a nonfrivolous allegation of a USERRA violation).

Moreover, in finding that the appellant failed to establish jurisdiction over his appeal, the administrative judge applied the factors set forth in *Sheehan v. Department of the Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001).  ID at 8-9.  However, *Sheehan* provides a legal framework for weighing and balancing evidence.  It applies to the merits phase of a USERRA appeal and not the jurisdictional phase.  240 F.3d at 1013-15; *see McMillan v. Department of Justice*, 120 M.S.P.R. 1, ¶¶ 19-20 (2013).

For these reasons, I respectfully dissent.


_____/s/_____
Cathy A. Harris
Chairman

_____

[1] It is unclear at this point whether the agency's actions were based on the fact of the appellant's uniformed service, the character of that service, or the statements that the appellant made in describing his service to his coworkers.